**GARRETT FREIGHTLINES, INC.,**
**Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants,**

**and**

**Clarence Vogt, dba Vogt Transfer and Storage Co., Intervening Defendant.**

**Civ. No. 4–70–16.**

United States District Court,
D. Idaho.

Jan. 22, 1971.

Richard C. Fields, of Moffatt, Thomas, Barrett & Blanton, Maurice H. Greene, Boise, Idaho, for plaintiff.

Sherman F. Furey, U. S. Atty., Boise, Idaho, Hanford O'Hara, Interstate Commerce Commission, Washington, D. C., for defendants.

Kenneth G. Bergquist, Boise, Idaho, for intervening defendant.

Before KOELSCH, Circuit Judge, and TAYLOR and McNICHOLS, District Judges.

## JUDGMENT

PER CURIAM.

This action to set aside certain orders of the Interstate Commerce Commission having come on regularly for hearing on December 18, 1970, before a three-judge court, convened pursuant to the provisions of 28 U.S.C. Sections 1336, 1398, 2284 and 2321–2325; the Court having reviewed and considered the record of the proceedings before the Defendant Interstate Commerce Commission designated by said Commission as Clarence Vogt, Extension—Boise, Idaho, No. MC–110625 (Sub. No. 8), and the pleadings, briefs, arguments of counsel and all other matters presented to it, and having thereupon found and concluded (1) that this matter is controlled by the decision of the United States Supreme Court in United States v. Seatrain Lines, Inc., 329 U.S. 424, 67 S.Ct. 435, 91 L.Ed. 396, (2) that the Interstate Commerce Commission's original decision upon the application of Clarence Vogt in the proceeding No. MC–110625 (Sub. No. 8) became final with the issuance of a Certificate of Convenience and Necessity therein on April 22, 1968, (3) that the Interstate Commerce Commission was thereafter without jurisdiction or authority to modify said certificate merely on the basis of a change of policy which it may have adopted subsequent thereto, (4) that the said Interstate Commerce Commission's order of May 22, 1969, and the revised Certificate of Convenience and Necessity dated March 24, 1970, issued on the authority thereof, constituted changes based wholly on a change of policy, and (5) that said order of May 22, 1969, should, therefore, be set aside; and being duly advised in the premises,

It is hereby ordered, adjudged and decreed that the order of the Defendant Interstate Commerce Commission, dated May 22, 1969, in Clarence Vogt, Extension—Boise, Idaho, No. MC–110625 (Sub. No. 8), granting certain changes in the Certificate of Convenience and Necessity of the applicant therein, be, and the same hereby is, vacated, annulled and set aside.